**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**TIMOTHY N. EVANS**                                                                                    **PLAINTIFF**

**V.**                                                                              **NO. 4:15-CV-00072-DMB-JMV**

**DR. JUAN SANTOS, et al.**                                                                        **DEFENDANTS**


**ORDER DENYING PLAINTIFF'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**

On June 5, 2015, Plaintiff Timothy N. Evans filed a pro se complaint challenging the conditions of his confinement. Pursuant to court order, Evans filed an amended complaint on September 8, 2015. After Defendants Nathan Harris, Earnest Lee, and Carla Lofton, employees of the Mississippi Department of Corrections, filed their answer on October 6, 2015, Evans moved for partial summary judgment[1] on November 9, 2015. As grounds for partial summary judgment, Evans argues that Harris, Lee, and Lofton addressed only the claims in his amended complaint in their answer[2] and failed to deny the allegations in his initial complaint; and also claims that he has not yet received any documents from them. Doc. #58. Harris, Lee, and Lofton failed to respond to Evans' motion for partial summary judgment. For the reasons below, Evans' motion for partial

---

[1] Evans titled his motion, "Rule 56 F.R.C.P. Summary Judgement or Partial Summary Judgement." Doc. #58 at 1. However, Evans' motion only addresses the answer of Defendants Harris, Lee, and Lofton. Evans has not moved for summary judgment on his claims involving the other defendants in this case. As such, the Court will refer to and treat the motion as one for only partial summary judgment. *Liberty Mut. Ins. Co. v. Gunderson*, 387 F. App'x 480, 483 (5th Cir. 2010) ("district court found that the partial summary judgment disposed of some but not all claims"); *see also Henry Pratt Co. v. Baldwin-Lima-Hamilton Corp.*, 255 F. Supp. 168, 170 (N.D. Ill. 1966) ("Partial summary judgment is appropriate when there are no disputed questions of material fact with respect to some of the claims").

[2] In their answer, Harris, Lee, and Lofton argue that Evans' claims should "be dismissed pursuant to Rule 12(b)(6)" for failure to state a claim upon which relief may be granted. Doc. #35 at 1. On November 9, 2015, Evans filed a response to the 12(b)(6) aspect of their answer, identifying Lee, Harris, and Lofton as "Defendant(s) MDOC." Doc. #57 at 1. In his motion for partial summary judgment filed the same day, Evans argues that on October 6, 2015, "Defendants, MDOC" did not deny the allegations in his original complaint. Doc. #58 at 1. As discussed below, Harris, Lee, and Lofton were the only defendants to answer on October 6, 2015.

summary judgment will be denied.

# I
# Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) & (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if "its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted).

"If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial." *McKee v. CBF Corp.*, 299 F. App'x 426, 428 (5th Cir. 2008) (citing *Celotex Corp.*, 477 U.S. at 331). If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact, and summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

# II
# Procedural History

Evans, a death row prisoner at the Mississippi State Penitentiary, filed his pro se complaint challenging the conditions of his confinement on June 5, 2015. Doc. #1. In the months following this initial filing, Evans submitted a variety of amendments to his complaint, most of which sought to add defendants.[3] *See* Docs. #6, #9, #10, #13, #14, #18, #22.

---

[3] Evans filed an amendment seeking to add Nathan Harris as a defendant on June 22, 2015. Doc. #6. He subsequently filed an amendment on June 26, 2015, seeking to add Carla Lofton and Earnest Lee as defendants; another on July 8, 2015, seeking to add "Ms. LaFlour" and Dr. Paul "Madubuonwou" as defendants; and another on July 13, 2015, seeking to add Norma Evans as a defendant. Docs. #9, #13, #14. On July 2, 2015, Evans filed an

On August 25, 2015, U.S. Magistrate Judge Jane M. Virden ordered Evans to "collect all of his claims and clearly present them in **one** amended complaint, which will be the sole complaint the court relies upon at the *Spears* hearing currently set in this matter for September 14, 2015." Doc. #21 (emphasis in original). On September 8, 2015, Evans filed an amended complaint.[4] Doc. #24. A *Spears* hearing was held before Magistrate Judge Virden on September 14, 2015.[5] In a process order dated September 16, 2015, the Court ordered that "[b]y November 26, 2015, the defendants must provide the plaintiff with his disciplinary records, administrative records, medical records, and any other records related to this incident." Doc. #27 at ¶ 3.

Defendants Harris, Lee, and Lofton filed their answer on October 6, 2015.[6] Doc. #35. On November 25, 2015, Harris, Lee, and Lofton filed a notice of service, stating that they had served copies of Evans' institutional file, administrative records, and medical file on all parties. Doc. #70.

On November 9, 2015, Evans moved for partial summary judgment regarding the answer filed by Harris, Lee, and Lofton. Doc. #58. Harris, Lee, and Lofton did not file a response to Evans' motion.[7]

---

amendment submitting documents in support of his complaint and on August 24, 2015, filed an amendment elaborating on his initial arguments. Docs. #10, #18.

[4] Evans initially filed an amendment on August 31, 2015. Doc. #22. Although it was filed after the Court's order, it was postmarked the same day Evans received a copy of the order, and was signed a couple of days prior. *Compare* Doc. #22 at 37–38 *with* Doc. #23 at 1.

[5] After the *Spears* hearing, process was issued for Defendants Dr. Juan Santos, Angela Brown, Paul "Madubuobu," Freddie Williams, RN Horn, Dr. Rivera, and LPN Lamar. Doc. #28. Process was later issued for Defendants May Leflore and Norma Evans. Docs. #50, #89.

[6] Defendant Angela Lamar filed her answer on October 27, 2015. Doc. #44. Defendants May LeFlore, Norma Evans, Dr. Madubuonwo, Dr. Juan Santos, Angela Brown, and Freddie Williams joined the answer on November 20, 2015. Doc. #62.

[7] The time for Harris, Lee, and Lofton to respond has long passed. Local Rule 7(b)(4) states that "respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response."

# III
# Analysis

Evans argues that, because Harris, Lee, and Lofton do not deny any of the allegations in his initial complaint and have responded only to the allegations in the amended complaint, he is entitled to partial summary judgment. However, Evans has not produced any evidence to demonstrate that he is entitled to relief on any of the claims he raises. As such, Evans has not discharged his burden under Federal Rule of Civil Procedure 56 and thus is not entitled to summary judgment. *See Davis v. Kyle*, No. CIV.A. 6:08CV79, 2009 WL 3674068, at *3 (E.D. Tex. Oct. 30, 2009) ("Plaintiff failed to support his motion for summary judgment with competent summary judgment evidence. As such, the Plaintiff is not entitled to summary judgment."). Accordingly, Evans' motion for partial summary judgment [58] is **DENIED**.

In his motion for partial summary judgment, Evans also requests access to electronically stored data, maintaining that he has not received the discovery ordered by Magistrate Judge Virden on September 16, 2015. However, the notice of service filed by Harris, Lee, and Lofton indicates that the discovery ordered by the Court has since been sent to Evans. Doc. #70. Because the ordered discovery has been provided, to the extent Evans' request may be construed as a separate motion, it is **DENIED as moot**.

**SO ORDERED**, this 22nd day of March, 2016.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**