# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

TIMOTHY N. EVANS                                                                              PLAINTIFF

V.                                                                  NO. 4:15-CV-72-DMB-JMV

DR. JUAN SANTOS, et al.                                                    DEFENDANTS

## ORDER DENYING MOTION TO AMEND

Before the Court is Timothy N. Evans' motion to amend his complaint. Doc. #259.

## I
## Background

On June 4, 2015, Evans filed a 42 U.S.C. §1983 complaint against various Mississippi State Penitentiary ("MSP") employees and medical providers, alleging that he was denied medical attention in retaliation for filing a complaint about his living conditions, and because of officials' desire to discriminate against him based on his race.[1] Doc. #1. On February 14, 2017, this Court granted summary judgment in favor of the defendants and entered a final judgment dismissing this action with prejudice. Doc. #253; Doc. #254.

Following the dismissal of this action, Evans requested and was granted an extension to file a motion seeking relief from the Court's judgment. Doc. #257; Doc. #258. On April 14, 2017, Evans submitted a new §1983 complaint form to the Court alleging that various MSP employees and medical providers have retaliated against him and denied him medical care because he is a member of the Caucasian race. Doc. #259. The pleading was docketed by the Clerk of the Court as a motion for reconsideration but United States Magistrate Judge Jane M. Virden subsequently ordered Evans to notify the Court within twenty (20) days of May 22, 2017, whether

---

[1] Evans has amended his complaint numerous times. *See* Docs. #6, #9, #10, #13, #14, #18, #22, #24.

he intended the new complaint to serve as a new action or as a motion for reconsideration. *See* Doc. #261. Despite acknowledging receipt of Judge Virden's order on May 26, 2017, Evans failed to clarify the nature of the filing. Because Evans failed to respond to Judge Virden's order, and because the complaint alleges that Evans was retaliated against and denied medical care because of his race, the Court will treat the complaint as a motion to amend his original complaint.

## II
## Discussion

Although Federal Rule of Civil Procedure 15(a) "endows a district court with 'virtually unlimited discretion' to allow amendments before entry of judgment, that discretion narrows considerably after entry of judgment." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). "Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under [Federal Rules] 59 or 60." *Id.* When a party seeks to amend his complaint after entry of judgment, the Fifth Circuit has "consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Id.* Thus, leave to amend is properly denied when a prisoner "fails to show he could not have amended his complaint before dismissal." *Parker v. Fisk*, 487 Fed. Appx. 148, 150 (5th Cir. 2012).

In the motion to amend his complaint, Evans fails to show that he could not have amended his complaint before dismissal—he simply re-urges the same claims he alleged in his original complaint. Evans also presents the same evidence that the Court considered in making its prior rulings. As such, amendment will not be allowed. *See id.* at 150 ("[Plaintiff's] proposed amended complaint is virtually indistinguishable from his original complaint; therefore [an amendment] would have been futile.").

2

## III
## Conclusion

Because Evans has failed to show why he could not have amended his complaint before dismissal, his motion to amend [259] is **DENIED**.

**SO ORDERED**, this 3rd day of January, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**